DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ANDREW M. SCOBLE (CABN 124940)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7249
    FAX: (415) 436-7234
    Email: andrew.scoble@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO. 3-19-70951 LB** |
| Plaintiff, | **[PROPOSED] DETENTION ORDER** |
| v. | |
| JORGE ISAAC JIMENEZ, | |
| Defendant. | |

On June 11, 2014, defendant Jorge Isaac Jimenez was charged by superseding indictment in the Western District of Kentucky with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A). On or about June 10, 2019, the defendant was arrested in this District and subsequently brought before the Court for removal proceedings pursuant to Federal Rule of Criminal Procedure 5(c)(2) and (3). On June 20, 2019, the Court held a removal hearing, following which the defendant was ordered removed to the Western District of Kentucky.

This matter then came before the Court on June 28, 2019, for a detention hearing. The defendant was present in custody and represented by Assistant Federal Public Defender Candis Mitchell. Assistant United States Attorney Andrew M. Scoble appeared for the government. The government moved for detention and the defendant opposed. At the hearing, counsel submitted proffers and argument

1   regarding detention.

2       Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

3   the record, the Court finds by a preponderance of the evidence that no condition or combination of

4   conditions will reasonably assure the appearance of the person as required.  Accordingly, the defendant

5   must be detained pending removal to the Western District of Kentucky and his trial there in this matter.

6       The present order supplements the Court's findings and order at the detention hearing and serves

7   as written findings of fact and a statement of reasons as required by Title 18, United States Code,

8   Section 3142(i)(1).  As noted on the record, the Court makes the findings set forth below as the basis for

9   its conclusion.  The findings are made without prejudice to the defendant's right to seek review of

10  defendant's detention, or file a motion for reconsideration if circumstances warrant it.

11      The defendant faces a serious charge in the Western District of Kentucky.  If convicted on Count

12  One of the superseding indictment, he faces a mandatory minimum of ten years in prison.  At the

13  hearing, the government noted that the defendant's criminal history reveals prior arrests, and at least one

14  felony conviction, for state drug offenses, which raises the possibility that, with the filing of an

15  enhancement information, the mandatory minimum ten-year prison sentence could be doubled.  Even

16  without such an enhancement, the defendant has a clear incentive to flee.

17      The defendant has ties to Mexico.  He is a native and citizen of Mexico; he has a brother

18  currently living there; and his parents split their time between residences in Mexico and in the San Jose,

19  California area.  The defendant has been deported to Mexico twice previously.  Although he is not

20  known to possess a currently valid Mexican passport, the defendant presented a Mexican Consular

21  Identification Card as proof of identity in the June 10, 2019 traffic stop.  This is further evidence of

22  current ties to Mexico.  The Court is concerned that the defendant has a place outside the United States

23  to which he could flee.

24      The Court is also concerned with the report that at least one member of the defendant's family

25  misled agents when they were trying to locate and arrest the defendant in 2014.

26      Finally, the defendant has no connections to the Western District of Kentucky.  On the record

27  before it, the Court finds it difficult to believe that the defendant would, if released on bail, travel some

28  three thousand miles to make his court appearance in the Western District of Kentucky.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.     The defendant be, and hereby is, committed to the custody of the Attorney General for removal forthwith to the Western District of Kentucky and confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.     The defendant be afforded reasonable opportunity for private consultation with counsel; and

3.     On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: July 2, 2019

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge